UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERONICA G. BALDERAMA-AGUILAR,<br><br>Defendant. | Case No.: 08cr3134-LAB and 18cv1059-LAB<br><br>**ORDER PROPOSING TO CONSTRUE MOTION TO VACATE AS CORAM NOBIS PETITION** |

Defendant Veronica Balderama-Aguilar pled guilty in 2008 to being a deported alien found in the United States. She filed a motion under 42 U.S.C. § 2255 to vacate her 2008 conviction, on the grounds that at some point in the past she discovered she is derivatively a U.S. citizen, through her mother. The motion says she first received a certificate of citizenship on July 24, 2014.

The government has filed a response, pointing out that Aguilar is not "in custody" for the sentence she is challenging. She has completed that sentence. She is in custody now, but for a different and unrelated offense not based on her citizenship. A grant of relief under § 2255 in this case would not result in her release from custody in the new case.

Relief under 42 U.S.C. § 2255 if available only to prisoners "in custody" under sentence of a federal court and claiming the right to be released on the ground that

the sentence imposed was illegal. § 2255(a).  By its terms, relief under § 2255 is available only to prisoners who are in custody for the offense the prisoner is challenging.  *See United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999) ("By its clear terms, § 2255 is applicable only to prisoners in custody claiming the right to be released."); *Rianto v. United States*, 2012 WL 591507, at *1–*2 (E.D. Cal., Feb. 22, 2012) ("Where, as here, a petitioner has been discharged from custody and/or court supervision related to the conviction being challenged, Section 2255 does not provide an appropriate vehicle for relief.")  *See also Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that once sentence had completely expired before a habeas petition was filed, the petitioner was no longer "in custody").[1]

The fact that the sentence in this case could be used to enhance the sentence in the case Aguilar is now in custody for does not render her "in custody" for purposes of this conviction.  *See Maleng*, 490 U.S. at 492 (holding that the possibility that a prior conviction will be used to enhance sentences for later crimes did not render petitioner "in custody").

Because Aguilar is not in custody for the offense she is challenging, the Court has no jurisdiction to entertain a § 2255 motion.  *See Reves*, 774 F.3d at 564–65 (because petitioner was not in custody at the time he filed his § 2255 petition, the district court lacked jurisdiction to consider it).

The Court proposes to construe the motion as a *coram nobis* petition, which has some chance of success.  The parties are directed to file briefing, giving their positions on whether the Court should construe the motion as a *coram nobis* petition, and if so, whether it should be granted.  The parties should address the

---

[1] *Maleng* dealt with a petition under 28 U.S.C. § 2241, but its holding is equally applicable to § 2255 petitions.  *See United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (applying *Maleng*'s holding regarding custody to § 2255 petition).

issue of timeliness, as well as any other issues they believe are relevant. *See United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007) (setting forth four-part standard for granting *coram nobis*). *See also id.* at 1006–07 (explaining that a petitioner must show valid reasons for delay, even if the government does not raise the defense of laches).

To help the parties prepare their briefing, the Court's preliminary thoughts are as follows. *Coram nobis* relief is unavailable to a petitioner who has allowed AEDPA's one-year limitations period for § 2255 petitions to lapse. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002). But here, it appears relief was unavailable under § 2255 because Aguilar had waived collateral attack. *Coram nobis* petitions have no particular time limits, though they are subject to laches. *See Telink, Inc. v. United* States, 24 F.3d 42, 47 (9th Cir. 1994).

Here, Aguilar knew about her claim no later than July 24, 2014, and was on inquiry notice about it much earlier than that. (*See* Aguilar Decl. in Support of Motion, ¶ 5.) Yet she waited nearly four years to file her § 2255 motion in this case. She has offered no good explanation for waiting so long.

Aguilar also blames her previous attorneys for ineffective assistance. She says she mentioned her derivative citizenship claim, but none of them pursued or presented it. She does not say what she told her attorneys, but the facts suggest they thought it unlikely to succeed. In addition to several guilty pleas to illegal reentry, her lawyers would also have been aware of her removals. Based on Aguilar's declaration, it does not appear she can rely on ineffective assistance of counsel or any other extraordinary circumstances. Rather, the facts suggest she could have brought either a § 2255 or *coram nobis* claim much earlier.

To be clear, the petition would have a lot more force if Aguilar were facing punishment for illegal reentry, or if she were in custody for an offense that only non-citizens can commit. But that is not happening here. Aguilar has already served her sentences on those charges. With this new petition, she is seeking is

to vacate old convictions that until now she never took an interest in. The event that prompted this, apparently, was her December 2017 arrest for alien smuggling, and her guilty plea to those charges earlier this year, in case 18cr107-MMA, *United States v. Aguilar-Balderama*. The old convictions that she had not bothered to challenge now form part of her criminal history, and could affect sentencing. It is not clear whether they will, only that they could. The briefing does not show whether the sentencing judge in 18cr107 has any discretion to take into account Aguilar's claim of actual innocence in this case.

By **September 5, 2018**, the parties should simultaneously file their briefs, not longer than ten pages (not counting any attached exhibits). The Court is aware that Aguilar's sentencing hearing is currently scheduled for September 17.

Counsel are reminded not to place *ex parte* calls to chambers. In particular, they must not ask chambers staff for legal advice, request information on when the Court will rule, or attempt to influence the outcome of this petition. If counsel need information (on the timing of a ruling, for example), they should arrange to call with both attorneys on the line.

**IT IS SO ORDERED**.

Dated: August 21, 2018

_____
Hon. Larry Alan Burns
United States District Judge